UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND HILL, et al.,

          Plaintiffs,                     Case No. 2:15-cv-10241

v.                                    HONORABLE STEPHEN J. MURPHY, III

MEDA PAINTING AND REFINISHING,
INC., et al.,

          Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [33]**

Plaintiffs Raymond Hill, Chris Piotter, Ranson Kelly, Phil Piotter, and Robert States sued Defendants Meda Painting and Refinishing, Inc. ("MPR"), Viking Painting, LLC ("Viking"), and Michael A. Meda ("Meda") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Before the Court is Defendants' motion to dismiss or for summary judgment. For the following reasons, the Court will grant the motion in part and deny the motion in part.

**BACKGROUND**

Viking and MPR are paint contractors owned by Meda and based in Grosse Pointe Farms, Michigan. Plaintiffs worked for MPR as residential painters for various lengths of time between June 2012 and November 2014. Plaintiffs claim Defendants hired and supervised them, provided them with equipment, and controlled every aspect of their work, including schedules, payment rates, customer billing rates, project deadlines, appropriate dress attire, and acceptable on-the-job behavior. ECF 1 ¶¶ 17–20. They claim Defendants forced them "to sign waivers, under coercion of termination, stating that they only worked 30 hours" per week—when they typically logged more than 40—and calculated overtime

pay using the regular hourly rate. *Id.* ¶¶ 23–25. Additionally, Hill claims he was terminated after providing the Department of Labor with testimony about Defendants' wage and hour violations. *Id.* ¶¶ 33–34.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Court may only grant a Civil Rule 12(b)(6) motion to dismiss if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In evaluating the motion, the Court presumes the truth of all well-pled factual assertions. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2008). Moreover, the Court must draw every reasonable inference in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

I.   Rules 12(b)(6), 12(d), and 56

At the outset, the Court must determine the proper standard to employ as it reviews Defendants' motion and the attached exhibits, which include affidavits from Meda and nonparty Brian Williams, ECF 33-2, 33-3; "Independent Contractor Agreements," "Independent Contractor Statements," "Sole Proprietor Statements," and W-9 tax forms for each Plaintiff, ECF 33-4, 33-5, 33-6, 33-7, 33-8[1]; a list of "OCC Jobsite Safety Rules," ECF

---

[1] The forms pertaining to Chris Piotter are mostly blank. *See* ECF 33-8.

33-9; and screen shots of websites and social media postings pertaining to Kelly and Hill, ECF 33-10, 33-11.

Defendants primarily move to dismiss the complaint under Rule 12(b)(6), so the Court must first decide whether it is proper to consider these exhibits as part of a Rule 12(b)(6) motion. A court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Here, the complaint refers to waivers Defendants allegedly forced Plaintiffs to sign regarding the number of hours worked weekly, but it is not clear whether any of the exhibits attached to Defendants' motion are the same as or substantially similar to those waivers. Thus, it would be improper for the Court to consider them in the context of a Rule 12(b)(6) motion.

Alternatively, Defendants invite the Court to construe the motion as one for summary judgment under Rule 56—by way of Rule 12(d)—if the Court believes that is the proper posture to consider the exhibits. When, as here, "matters outside the pleadings are presented to and not excluded by the court," Rule 12(d) allows a court to construe a motion to dismiss under Rule 12(b)(6) as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Courts are afforded broad discretion when making this decision, but should do so with "great caution and attention to the parties' procedural rights," giving the parties notice of the changed status of the motion so the parties have a opportunity to respond with material pertinent to the motion. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009).

Here, the Court has not given Plaintiffs notice, Plaintiffs have submitted declarations

3

of their own, and discovery has yet to begin. It is simply too early in the proceedings to consider materials outside the pleadings that are more properly exchanged, addressed, and developed during discovery and subsequent motion practice. The Court therefore declines to convert the motion, and declines to consider the exhibits attached to both parties' briefs. *See, e.g.*, *Marks One Car Rental, Inc. v. Auto Club Grp. Ins. Co.*, 55 F. Supp. 3d 977, 981 n.3 (E.D. Mich. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) and finding a request for summary judgment premature when plaintiffs have submitted affidavits and discovery has yet to begin); *Mincey v. Univ. of Cincinnati*, No. 1:11-CV-300-HJW, 2012 WL 1068167, at *2 (S.D. Ohio Mar. 29, 2012) ("[T]he parties have not had a reasonable opportunity for discovery, and the Court will not consider any matters outside the pleadings at this early stage of the proceedings."). The Court will, however, deny the motion without prejudice to the extent it seeks summary judgment. Defendants will of course still have the opportunity to move for summary judgment after the parties have had an opportunity to engage in discovery.

## II.    Defendants' Arguments for Dismissal

Having determined the appropriate standard of review, the Court must now decide whether Plaintiffs' allegations sufficiently serve as a factual basis for an inference of wrongdoing. Defendants contend that the Court should dismiss the complaint because Plaintiffs are not "employees" within the meaning of the statute, Plaintiffs' factual allegations are insufficient, and—as to Viking, in particular—Viking was not involved with the residential painting work described in the complaint. ECF 33, PgID 449.

### A.    "Employees" or "Independent Contractors"; Factual Allegations

"[T]he determination of whether a particular factual setting gives rise to coverage

4

under the FLSA is a matter of law." *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984). The FLSA requires employers to pay "employees" engaged in commerce at one and one-half their regular rate of pay for all time worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1). "The FLSA's definition of 'employee' is strikingly broad and stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 804 (6th Cir. 2015) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992)). To effect Congress's broad purpose in passing the Act, courts must "look to see whether a worker, even when labeled as an 'independent contractor,' is, as a matter of 'economic reality,' an employee." *Id.* Indeed, this is a crucial determination, because "employees" enjoy the protections of the FLSA and "independent contractors" do not. *Id.* at 806.

At this stage of the case, then, the question is not whether there is a genuine issue of material fact whether the Plaintiffs here were "employees" or "independent contractors," but whether the facts alleged in the complaint, taken as true, establish a sufficient factual basis to reasonably infer that Plaintiffs' economic reality was one of dependence upon the Defendants' business to which they rendered service. *See id.* at 807. To make that determination, the Court considers six factors: (1) "the permanency of the relationship between the parties"; (2) "the degree of skill required for the rendering of the services"; (3) "the worker's investment in equipment or materials for the task"; (4) "the worker's opportunity for profit or loss, depending upon his skill"; (5) "the degree of the alleged employer's right to control the manner in which the work is performed"; and (6) "whether the service rendered is an integral part of the alleged employer's business." *Id.*

5

Defendants argue that five of the factors weigh in favor of finding that Plaintiffs were independent contractors. ECF 33, PgID 460–65. The Court disagrees. On a 12(b)(6) motion to dismiss, the Court must draw every reasonable inference in favor of the Plaintiffs, and accept the following well-pled allegations as true: Defendants hired and supervised Plaintiffs, Plaintiffs worked for Defendants for as long as two and a half years to as short as three months, and Defendants provided Plaintiffs with equipment and controlled *every aspect* of Plaintiffs' work—including schedules, payment rates, customer billing rates, project deadlines, appropriate dress attire, and acceptable on-the-job behavior. ECF 1 ¶¶ 17–20, 29, 38, 42, 46 (emphasis supplied). Based on Plaintiffs' claims for overtime wages and the allegation that they worked exclusively for Defendants, *see id.* ¶¶ 14, 16, "Plaintiffs have raised a question as to whether Plaintiffs and Defendant[s] had a *de facto* exclusive relationship, as Plaintiffs' work schedules presumably would not have allowed them to perform any outside work regardless of what their contracts said," *Williams v. King Bee Delivery, LLC*, 199 F. Supp. 3d 1175, 1180 (E.D. Ky. 2016). Without discovery of facts, Defendants cannot defeat the claim at this early point in litigation. Taken as true, Plaintiffs' factual allegations support a reasonable inference of causation sufficient to state a valid claim.

Nevertheless, Defendants argue that the complaint should be dismissed because Plaintiffs' factual allegations, generally, are insufficient. They implore the Court to hold the complaint to a FLSA-specific heightened pleading standard which they say Plaintiffs' complaint fails to meet. *See* ECF 33, PgID 466–67 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012)); ECF 36, PgID 668 n.3 (citing *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013), *Simmons v. United Mortg. & Loan Inv.,*

6

*LLC*, 634 F.3d 754 (4th Cir. 2011), and *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015)).

The parties acknowledge that the Sixth Circuit has yet to address the issue of heightened pleading requirements, and thus point to decisions from district courts within the Circuit that apply the standard most favorable to their respective positions. *Compare* Resp., ECF 35, PgID 630–31 (citing *Roberts v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *7 (M.D. Tenn. June 25, 2015) ("[C]ourts within the Sixth Circuit have been clear that extensively detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the *prima facie* claim that it is being asked to defend."); *Mathis v. Quicken Loans Inc.*, No. 07-10981, 2007 WL 3227598, at *6 (E.D. Mich. Sept. 7, 2007) (rejecting defendants' challenge to a pleading that failed to approximate the number of overtime hours worked), *report and recommendation adopted*, No. CIV. 07-10981, 2007 WL 3245595 (E.D. Mich. Nov. 1, 2007); *and Hellenberg v. Integrated Deicing Servs., LLC*, No. 10-CV-11364, 2011 WL 317733, at *2 (E.D. Mich. Feb. 1, 2011) ("[E]xtensive pleading is not required in the context of an FLSA claim.")) *with* Reply, ECF 36, PgID 667–70 (citing *Anderson v. GCA Servs. Grp. of N. Carolina, Inc.*, No. 1:15-CV-37-GNS, 2015 WL 5299452, at *4 (W.D. Ky. Sept. 9, 2015) (citing heightened pleading standard favorably)).

The heightened standard generally requires a plaintiff to do more than "parrot the text" of the statute, and to plead specific "facts in support of his conclusions, such as an imprecise numeric estimate of uncompensated hours or unpaid wages, to push the strength of his complaint from 'possibility' to 'plausibility.'" *Hall v. Plastipak*, No. 15-11428, 2015 WL 5655888, at *3 (E.D. Mich. Sept. 25, 2015) (citing the decisions from the First, Second,

7

Third, and Ninth circuits favorably and applying the heightened pleading standard). In *Davis v. Abington Mem'l Hosp.*, the Third Circuit adopted the Second Circuit's "middle-ground approach" from *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), and provided an example FLSA pleading that would survive a plausibility challenge: "[A] plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014).

Regardless of whether the Court applies the normal standard from *Roberts*, *Mathis*, and *Hellenberg*, or the heightened standard articulated in *Davis* and *Lundy*, the Court finds that Plaintiffs state a claim to relief that is plausible on its face: Plaintiffs claim they "*routinely worked* over 40 hours per week," were forced "to sign waivers, under coercion of termination, stating that they only worked 30 hours per week when each Plaintiff . . . *routinely worked* in excess of 40 hours per week," and "[o]n the few occasions that [Defendants] paid Plaintiffs for overtime hours worked, [D]efendants paid Plaintiffs at the regular hourly rate rather than at the overtime rate required by the FLSA." ECF 1 ¶¶ 23–25 (emphasis supplied). Not only do those allegations raise Plaintiffs' right to relief beyond a speculative level, they render inapposite a separate case heavily relied upon by Defendants—*Gifford v. Meda*, No. 09-cv-13486, 2010 WL 1875096, at *22 (E.D. Mich. May 10, 2010) (dismissing FLSA claim because Plaintiffs failed to allege that they worked overtime and because the "entirety of the allegations supporting their FLSA claims is found in an obvious add-on"). Accordingly, the Court will not dismiss claims based on the heightened-standard argument.

8

B.    Allegations Against Viking

Defendant Viking argues that the claims against it should be dismissed because it simply was not involved with the residential painting work described in the complaint. Plaintiffs failed to rebut the argument in their response. In their complaint, Plaintiffs describe MPR as "generally engaged as a painting contractor serving residential customers," but describe Viking as "generally involved in government contract work for painting goods and services." ECF 1 ¶¶ 6–7. The complaint is devoid of any reference to any work Plaintiffs performed on the government contracts in which Viking is "generally involved." Indeed, every reference to Plaintiffs' work is made with respect to painting residential properties. *See id.* ¶ 22 ("Defendants paid plaintiffs for their work painting private, residential properties"), ¶ 23 ("Plaintiffs routinely worked over 40 hours per week on their residential painting job assignments"), ¶¶ 30–31 (stating that Plaintiff Hill "performed residential painting jobs for Defendants" for which Defendants owe unpaid regular and overtime wages), ¶¶ 39–40 (same for Kelly), ¶¶ 43–44 (same for Chris Piotter), ¶¶ 47–48 (same for Phil Piotter), ¶¶ 53–54 (same for States).

The lack of any reference to Viking's residential work—if it even existed—is too glaring an omission to ignore. Without a well-pled factual assertion, the Court cannot draw a reasonable inference that Viking employed any of the Plaintiffs to perform the overtime residential work for which they now seek compensation. Accordingly, Viking will be dismissed from the action.

The Court will  decline Defendants' request to dismiss all of Phil Piotter's claims due to statements he made in his declaration. *See* ECF 36, PgID 671. The argument was raised for the first time in Defendants' Reply brief, and as stated above, the Court will not consider

9

the exhibits attached to the briefs at this time.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Dismiss or for

Summary Judgment [33] is **GRANTED IN PART** and **DENIED IN PART** to the extent they

seek relief under Rule 12(b)(6), and **DENIED WITHOUT PREJUDICE** to the extent they

seek relief under Rule 56.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Viking are

**DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the remaining Defendants shall file an Answer within

**14 days** of this order. *See* Fed. R. Civ. P. 12(a)(4).

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 27, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on March 27, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager